UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK

-----------------------------------------

ROBERT LOUCKS,

           Petitioner,

-against-

MICHAEL CAPRA, Superintendent,
Fishkill Correctional Facility,

           Respondent.

-----------------------------------------

16 Civ. 3115 (NSR)(JCM)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

NELSON S. ROMAN, United States District Judge:

Before the Court is a Report and Recommendation ("R & R")[1] issued by Magistrate Judge Judith C. McCarthy ("MJ McCarthy") on March 28, 2019, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that the petition[2] of Robert Loucks ("Petitioner"), by Writ of Habeas Corpus, challenging his conviction in New York State Supreme Court, Dutchess County, pursuant to a guilty plea to Murder in the Second Degree, N.Y. Penal Law 125.25(1), be denied in its entirety. A review of the docket reveals Petitioner as failed to timely object to the R & R. For the following reasons, the Court reviews the R & R for clear error and finds none. The Court adopts the legal analysis and conclusions of MJ McCarthy's R & R. Petitioner's Writ of Habeas Corpus is DENIED and the Petition is DISMISSED.

## BACKGROUND

The Court presumes familiarity with the factual and procedural background of this case, the underlying criminal proceeding, and Petitioner's collateral state challenges.

Petitioner was arrested following the discovery of the body of his deceased girlfriend, Tyrese Storm ("Storm"), in her residence, which she shared with Petitioner, and after making incriminating

---

[1] ECF No. 17, Magistrate Judge Judith C. McCarthy Report and Recommendation.
[2] See ECF No. 1, Petition for Writ of Habeas Corpus.

1

statements. Petitioner initially stated that he got into an argument with Storm, reached for her throat, and blacked out. He later clarified that he choked her. Following motion practice and hearings, wherein the court issued a ruling permitting the prosecution to use Petitioner's incriminating statements at trial, Petitioner pled guilty to murder in the second degree. Petitioner's guilty plea was deemed given knowingly, voluntarily and intelligently. Petitioner was sentenced to an indeterminate term of twenty years to life. Petitioner appealed his conviction to the New York State Supreme Court, Appellate Division, 2nd Dept. ("Appellate Division 2nd Dept."), which affirmed his conviction. Petitioner subsequently sought leave of the New York State Court of Appeals, the state's highest court, to appeal the Appellate Division 2nd Dept.'s decision and was denied.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. See Fed. R. Civ. P. 72(b)(1); accord 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); accord 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation, the following statute applies:

[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); accord *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the

magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); see also Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those objections must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

Petitioner failed to file an objection to the R & R, which requires the Court to conduct a review for clear error. The R & R delineates in detail the state court proceedings. It is MJ McCarthy's conclusion that the state court proceedings, legal analysis and conclusions were consistent with existing federal law. The Court agrees. There being no clear error in the R & R, the Court adopts its analysis and conclusions.

3

## CONCLUSION

For the reasons stated above, the Court adopts MJ McCarthy's R & R analysis and conclusions of law in its entirety. The Petition for a Writ of Habeas Corpus is DENIED. The Court respectfully directs the Clerk of Court to enter Judgment consistent with the R & R (dismissing the petition), to mail a copy of this Order and subsequent judgment of dismissal to Petitioner at the last address listed on ECF, and to show proof of service on the docket.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray,* 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States,* 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez,* 129 F.3d 225, 259-60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

Dated: October 4, 2019
White Plains, New York

SO ORDERED,

Hon. Nelson S. Román
United States District Judge, SDNY